**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30250 |
| Plaintiff-Appellee, | D.C. No. 9:18-cr-00026-D-1 |
| v. | |
| RICARDO ORTIZ CRUZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted December 11, 2019
Seattle, Washington

Before: GRABER and GOULD, Circuit Judges, and EZRA,[**] District Judge.

Petitioner Ricardo Ortiz Cruz appeals the district court's denial of his motion

to suppress ammunition seized from his vehicle. We affirm.

Although we review the denial of a motion to suppress *de novo*, we review a

district court's underlying factual findings for clear error. *United States v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

*Fernandez-Castillo*, 324 F.3d 1114, 1117 (9th Cir. 2003). We hold there was no clear error in the district court's determination of the officer's credibility. The district court was not required to disbelieve the testifying agent. This is not a case, as in *Anderson v. City of Bessemer City*, 470 U.S. 564, 575−81 (1985), in which objective evidence contradicts the witness's story or the story itself is so inconsistent that a reasonable factfinder would not credit it. Furthermore, this is not a situation in which there is absolute proof of a lie.

The district court's decision necessarily involved a personal assessment of demeanor and other aspects of credibility, as well as consideration of the documents. The district court did not clearly err by considering Officer Granado's statements at the evidentiary hearing in determining whether he had reasonable suspicion to believe that the operator of the vehicle was evading border patrol. As to the broader reasonable suspicion analysis, if Officer Granado is credible, then the search and seizure were lawful and the motion to suppress was properly denied. Counsel conceded as much at oral argument.

**AFFIRMED**.

18-30250